**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000395**
**11-FEB-2025**
**07:48 AM**
**Dkt. 33 SO**

NO. CAAP-22-0000395


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JOSEPH RAMSEY, Petitioner-Appellee,
v.
OLGA BORDENYUK, a.k.a. Olga V. Bordenyuk,
a.k.a. Olga Vladimirovna Bordenyuk,
a.k.a. Olga Harrison, Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CSP-21-0000042)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Respondent-Appellant Olga Bordenyuk

(**Bordenyuk**) appeals from the (1) "Findings of Fact, Conclusions

of Law, and Order Granting Petition for Order Declaring . . .

Bordenyuk to be a Vexatious Litigant and Imposing Sanctions"

(**Order**), filed on August 2, 2022, and (2) Judgment, filed on

August 31, 2022, by the Circuit Court of the Second Circuit (**circuit court**)[1].

Upon careful review of the record, and Bordenyuk's brief,[2] we affirm the circuit court's Order and Judgment. Bordenyuk's brief states,

> The Maui court did not provide an interpreter certified for translations in court.  The translator who was provided translated two words out of what was said in five to six sentences.  As a fact, by negligence or intentionality, the court made a mistake and violated the law.  The fact that the second court documents were presented to me for the first time during this meeting did not give me time to familiarize myself.  The certificate of service law was also violated.  the [sic] court deliberately acted in violation of rights. man [sic] against Olga Bordenyuk.  I ask the High Court to make an investigation and inform the perpetrators about the non-performing actions.  In this regard, the decision of the court cannot be lawful as it is unfair and illegal.[3]

Bordenyuk provides no discernible argument, references to the record on appeal, or citations to legal authority in support of her various contentions.  We decline to address the merits of any issues that Bordenyuk did not argue on appeal.  See Kakinami v. Kakinami, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) ("[T]his court may disregard a particular

---

[1]   The Honorable Kirstin M. Hamman presided.

[2]   Bordenyuk filed a "Letter to the Court. Memorandum from Olga Bordenyuk BRIEF" that is non-compliant with Hawai'i Rules of Appellate Procedure Rule 28, and does not include points of error, record references, or citations to legal authority.  Petitioner-Appellee Joseph Ramsey did not file an answering brief.

[3]   We note that there is no transcript in the record of the hearing that Bordenyuk references.  See Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (cleaned up)).

contention if the appellant makes no discernible argument in support of that position." (cleaned up)).

We therefore affirm the circuit court's Order and Judgment.

DATED: Honolulu, Hawaiʻi, February 11, 2025.

| On the brief: | /s/ Keith K. Hiraoka<br>Presiding Judge |
|---|---|
| Olga Bordenyuk,<br>Self-represented<br>Respondent-Appellant. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| | /s/ Kimberly T. Guidry<br>Associate Judge |